Benjamin J. Sweet
**THE SWEET LAW FIRM, PC**
186 Mohawk Drive
Pittsburgh, PA 15228
Phone: (412) 742-0631
ben@sweetlawpc.com

Attorneys for Plaintiff MICHAEL G. MURPHY, individually and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| MICHAEL G. MURPHY, an individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES BEEF CORPORATION, d/b/a Arby's, d/b/a Taco Bueno, an Oklahoma corporation,<br><br>Defendant. | Case No. 1:19-cv-471 |

**NATIONWIDE CLASS ACTION COMPLAINT**

COMES NOW, Plaintiff Michael Murphy, on behalf of himself and all others similarly situated, and asserts as follows:

**INTRODUCTION**

1.      Plaintiff brings this action individually and on behalf of all others similarly situated against United States Beef Corporation, d/b/a Arby's, d/b/a Taco Bueno, ( collectively "Defendants"), asserting violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and its implementing regulations, in connection with accessibility

barriers in the parking lots and paths of travel at various public accommodations owned, operated, controlled, and/or leased by Defendants ("Defendants' facilities").

2. Plaintiff has a mobility disability and is limited in the major life activity of walking, which has caused him to use a wheelchair for mobility.

3. Plaintiff has visited Defendants' facilities and was denied full and equal access as a result of Defendants' inaccessible parking lots and paths of travel.

4. Plaintiff's experiences are not isolated—Defendants have systematically discriminated against individuals with mobility disabilities by implementing policies and practices that consistently violate the ADA's accessibility guidelines and routinely result in access barriers at Defendants' facilities.

5. In fact, numerous facilities owned, controlled, and/or operated by Defendants have parking lots and paths of travel that are inaccessible to individuals who rely on wheelchairs for mobility, demonstrating that the centralized decision-making Defendants employ with regard to the design, construction, alteration, maintenance, and operation of its facilities causes access barriers and/or allows them to develop and persist at Defendants' facilities.

6. Unless Defendants are required to remove the access barriers described below and required to change their policies and practices so that access barriers do not reoccur at Defendants' facilities, Plaintiff and the proposed Class will continue to be denied full and equal access to those facilities as described and will be deterred from fully using Defendants' facilities.

7. The ADA expressly contemplates injunctive relief aimed at modification of a policy or practice that Plaintiff seeks in this action. In relevant part, the ADA states:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . . Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . . .

42 U.S.C. § 12188(a)(2).

8. Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

    a. Defendants remediate all parking and path of travel access barriers at Defendants' facilities, consistent with the ADA;

    b. Defendants change their policies and practices so that the parking and path of travel access barriers at Defendants' facilities do not reoccur; and

    c. Plaintiff's representatives shall monitor Defendants' facilities to ensure that the injunctive relief ordered pursuant to Paragraph 8.a. and 8.b. has been implemented and will remain in place.

9. Plaintiff's claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the plaintiffs seek injunctive relief for his or her own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . .. Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

10. The ADA was enacted nearly 30 years ago and is intended to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

11. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

12. Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly or through contractual, licensing, or other arrangements, from outright denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

13. Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability. 42 U.S.C. § 12182(b)(1)(D).

14. Title III and its implementing regulations define discrimination to include the following:

   a) Failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 C.F.R. § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv);

   b) Failure to design and construct places of public accommodation for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.401 and 42 U.S.C. § 12183(a)(1);

   c) For alterations to public accommodations made after January 26, 1992, failure to make alterations so that the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2); and

   d) Failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211.

15.    The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183.  42 U.S.C. 12188(a)(1).

16.    The ADA also provides for specific injunctive relief, which includes the following:

> In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter.  Where appropriate, injunctive relief shall also include . . . modification of a policy . . . to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b).

## JURISDICTION AND VENUE

17.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

18.    Plaintiff's claims asserted herein arose in this judicial district, and Defendants do substantial business in this judicial district.

19.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

20.    Plaintiff Michael G. Murphy is, and at all times relevant hereto was, a resident of Colorado. As described above, as a result of his disability, Plaintiff uses a wheelchair for mobility. Plaintiff was a competitive athlete. He suffered an injury in 2007 and is now paralyzed and relies on a wheelchair. Plaintiff continues his athletic endeavors and is currently competitive

in adaptive sports. He is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq*.

21.     Defendant United States Beef Corporation is, and at all times relevant hereto was, an Oklahoma corporation. Defendant owns and operates restaurants. Defendant is the largest franchisee of the Arby's and Taco Bueno chains, operating over 300 restaurants in nine states throughout the Midwest and West, including in the state of Colorado and in this District. Defendant has publicly stated plans to open 70 new Arby's restaurants by the year 2020, 35 of which are intended to be in the Denver, Colorado, area. See, e.g., http://www.usbeefcorp.com/our-story/.

22.     Defendants are a public accommodation pursuant to 42 U.S.C. §12181(7).

## FACTUAL ASSERTIONS

### I.     Plaintiff Has Been Denied Full and Equal Access to Defendants' Facilities

23.     Plaintiff has visited Defendants' facilities located at Sheridan Boulevard in Denver, Colorado where he experienced unnecessary difficulty and risk due to excessive slopes in a purportedly accessible parking area.

24.     Despite this difficulty and risk, Plaintiff plans to return to Defendants' facilities. Plaintiff likes Arby's and enjoys eating there several times a year. Plaintiff would like to return to this Arby's in the future, but is deterred from doing so given the limitations of the facility. Furthermore, Plaintiff intends to return to Defendants' facilities to ascertain whether those facilities remain in violation of the ADA.

25.     As a result of Defendants' non-compliance with the ADA, Plaintiff's ability to access and safely use Defendants' facilities has been significantly impeded.

26. Plaintiff will be deterred from returning to and fully and safely accessing Defendants' facilities, however, so long as Defendants' facilities remain non-compliant, and so long as Defendants continue to employ the same policies and practices that have led, and in the future will lead, to inaccessibility at Defendants' facilities.

27. Without injunctive relief, Plaintiff will continue to be unable to fully and safely access Defendants' facilities in violation of his rights under the ADA.

28. As an individual with mobility disabilities who use wheelchairs, Plaintiff is directly interested in whether public accommodations, like Defendants' facilities, have architectural barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

**II.    Defendants Repeatedly Deny Individuals With Disabilities Full and Equal Access to Defendants' Facilities.**

29. As the owner and manager of their properties, Defendants employ centralized policies, practices, and procedures with regard to the design, construction, alteration, maintenance, and operation of their facilities.

30. To date, Defendants' centralized design, construction, alteration, maintenance, and operational policies and practices have systematically and routinely violated the ADA by designing, constructing, and altering facilities so that they are not readily accessible and are usable, by failing to remove architectural barriers, and by failing to maintain and operate facilities so that the accessible features of Defendants' facilities are maintained.

31. On Plaintiff's behalf, investigators examined multiple locations owned, controlled, and/or operated by Defendants and found the following violations, which are illustrative of the fact that Defendants implement policies and practices that routinely result in accessibility violations:

a. 4363 Sheridan Boulevard, Denver, CO

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

b. 501 East 84th Avenue, Denver, CO

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

c. 7010 Mesa Ridge Parkway, Fountain, CO

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

d. 9657 Prominent Point, Colorado Springs, CO

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

e. 5710 North Academy Boulevard, Colorado Springs, CO

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

f. 328 East Fillmore Street, Colorado Springs, CO

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

g. 1312 North Academy Boulevard, Colorado Springs, CO

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

h. 3501 Nameoki Road, Granite City, IL

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

i. 5790 Belleville Crossing Street, Belleville IL

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

j. 10511 Page Avenue, Saint Louis, MO

   i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 2.1%;

ii. The surfaces of one or more access aisles had slopes exceeding 2.1%.

k. 1147 South Kirkwood Road, Saint Louis, MO

i. Projecting curb ramp exceeds allowable tolerance under ADA regulations;

l. 11976 Paul Mayer Avenue, Bridgeton, MO

i. The surfaces of one or more access aisles had slopes exceeding 2.1%.

m. 3501 Nameoki Road, Granite City, IL

i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 5.0.

n. 5790 Belleville Crossing Street, Belleville, IL

i. The surfaces of one or more purportedly accessible parking spaces had slopes exceeding 3.0.

32. The fact that individuals with mobility-related disabilities are denied full and equal access to numerous of Defendants' facilities, and the fact that each of these facilities deny access by way of inaccessible parking facilities, is evidence that the inaccessibility Plaintiff experienced is not isolated, but rather, is caused by Defendants' systemic disregard for the rights of individuals with disabilities.

33. Defendants' systemic access violations demonstrate that Defendants either employ policies and practices that fail to design, construct, and alter their facilities so that they are readily accessible and usable and/or that Defendants employ maintenance and operational policies and practices that are unable to maintain accessibility.

34. As evidenced by the widespread inaccessibility of Defendants' parking facilities, absent a change in Defendants' corporate policies and practices, access barriers are likely to reoccur in Defendants' facilities even after they have been remediated.

35. Accordingly, Plaintiff seeks an injunction to remove the barriers currently present at Defendants' facilities and an injunction to modify the policies and practices that have created or allowed, and will create or allow, inaccessibility to affect Defendants' network of facilities.

## CLASS ASSERTIONS

36. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) on behalf of themselves and the following nationwide class:

> All persons with qualified mobility disabilities who were denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any United States Beef Corporation location in the United States on the basis of disability because such persons encountered accessibility barriers due to Defendants' failure to comply with the ADA's accessible parking and path of travel requirements.

37. Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court and will facilitate judicial economy.

38. Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

39. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make their facilities fully accessible and independently usable as above described.

40. Adequacy of Representation: Plaintiff is an adequate representatives of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will

fairly, adequately, and vigorously represent and protect the interests of the members of the class, and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

41. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## **SUBSTANTIVE VIOLATION**

42. The assertions contained in the previous paragraphs are incorporated by reference.

43. Defendants' facilities were altered, designed, or constructed after the effective date of the ADA.

44. Defendants' facilities are required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C. § 12183(a).

45. Further, the accessible features of Defendants' facilities, which include the parking lots and paths of travel, are required to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities. 28 C.F.R. § 36.211.

46. The architectural barriers described above demonstrate that Defendants' facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs and/or that Defendants' facilities were not maintained so as to ensure that they remained accessible to and usable by individuals who use wheelchairs.

47. Furthermore, the architectural barriers described above demonstrate that Defendants have failed to remove barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

48. Defendants' repeated and systemic failures to design, construct, and alter their facilities so that they are readily accessible and usable, to remove architectural barriers, and to maintain the accessible features of their facilities constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

49. Defendants' facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

50. Defendants are required to provide individuals who use wheelchairs full and equal enjoyment of their facilities. 42 U.S.C. § 12182(a).

51. Defendants have failed, and continue to fail, to provide individuals who use wheelchairs with full and equal enjoyment of their facilities.

52. Defendants have discriminated against Plaintiff and the class in that they have failed to make Defendants' facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

53. Defendants' conduct is ongoing and continuous, and Plaintiff has been harmed by Defendants' conduct.

54. Unless Defendants are restrained from continuing their ongoing and continuous course of conduct, Defendants will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the class.

55. Given that Defendants have not complied with the ADA's requirements to make Defendants' facilities fully accessible to, and independently usable by, individuals who use

wheelchairs, Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, pray for:

a. A declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants' facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.501(b) that: (i) directs Defendants to take all steps necessary to remove the architectural barriers described above and to bring their facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, individuals who use wheelchairs; (ii) directs Defendants to change their policies and practices to prevent the reoccurrence of access barriers post-remediation; and (iii) directs that Plaintiff shall monitor Defendants' facilities to ensure that the injunctive relief ordered above remains in place.

c. An Order certifying the class proposed by Plaintiff, naming Plaintiff as class representative, and appointing his counsel as class counsel;

d. Payment of costs of suit;

e. Payment of reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and

f. The provision of whatever other relief the Court deems just, equitable, and appropriate.

Dated: February 15, 2019

Respectfully Submitted,

*/s/ Benjamin J. Sweet*
Benjamin J. Sweet
**THE SWEET LAW FIRM, PC**
186 Mohawk Drive
Pittsburgh, Pennsylvania 15228
Phone: 412-742-0631
ben@sweetlawpc.com

Attorneys for Plaintiff MICHAEL G. MURPHY, individually and on behalf of all others similarly situated

Plaintiff's Address:
Michael Murphy
4335 Quivas Street
Denver, CO 80211